UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-20847-CIV-GOODMAN

[CONSENT CASE]

MIZAEL ROJAS ALFONSO,

    Plaintiff,

v.

MIT TRUCKING, et al.,

    Defendants.

_____/

## ORDER APPROVING FLSA SETTLEMENT AND CLOSING CASE

This matter is before the Court on the parties' Joint Motion for Settlement Agreement Approval and to Dismiss the Complaint with Prejudice. [ECF No. 28]. For the reasons outlined below, the parties' joint motion is **GRANTED**, the settlement agreement is approved, and this case is dismissed with prejudice, though the Court will maintain jurisdiction for ninety days to enforce the terms of the settlement, if necessary.

In general, the minimum wage and overtime provisions of the Fair Labor Standards Act ("FLSA")[1] are mandatory and not subject to negotiation or bargaining between employers and employees. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697 (1945).

---

[1] 29 U.S.C. § 201 *et seq.*

However, there are two ways employees may settle and waive a claim against their employer for unpaid minimum wages or overtime pay under the FLSA: (1) if the payment of unpaid minimum wage/overtime pay is supervised by the Secretary of Labor; or (2) in a private lawsuit brought by an employee, if the parties present the district court with a proposed settlement and the court enters an order approving the fairness of the settlement. 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); *see also Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946).

An employee may settle and release FLSA claims against his employer without the supervision of the Secretary of Labor if all of the following conditions are met: (1) the settlement occurs in an adversarial context; (2) there are issues of FLSA coverage and/or computations actually in dispute; and (3) the district court enters an order approving the settlement after scrutinizing the fairness of the settlement. *Lynn's Food Stores*, 679 F.2d at 1354.

The parties have submitted their settlement agreement as an exhibit to their joint motion for settlement approval. [ECF No. 28-1]. The Court has reviewed the terms of the settlement, considered the factors outlined in *Lynn's Food Stores*, and also considered the strength of the parties' cases, the factual positions of the parties, the existence (or lack thereof) of documents supporting or corroborating the parties' positions, the strength and weaknesses in the parties' respective cases, and the parties' desire to resolve the dispute sooner, rather than later.

The Court finds that the settlement here represents a genuine compromise of a bona fide dispute. The Parties have stipulated that, after scrutinizing all records available, this settlement represents payment in full by Defendants for Plaintiff's overtime and/or liquidated damages, as well as Plaintiff's reasonable attorney's fees and costs. However, under the terms of the settlement agreement, the Defendants are not admitting any wrongdoing, fault, liability, or damage, and in fact, they deny the Plaintiff's claims. Also in the settlement agreement, the parties expressly acknowledge that the settlement is being entered to avoid the cost and expense of future litigation. Finally, while Plaintiff's attorneys are receiving $1,000.00 more than the Plaintiff as a result of the settlement, they have incurred substantially more in fees and costs than they will be paid as a result of the settlement, while, as noted, Plaintiff is being paid in full on his overtime wage claim.

Therefore, the Court finds that the settlement here occurred in an adversarial context and that there are genuine issues in dispute. The Court further finds that the settlement reached by the parties represents a reasonable compromise by both sides and is fair and reasonable. Accordingly, it is**:**

**ORDERED** and **ADJUDGED** that the parties' settlement agreement is fair and reasonable. The settlement is **APPROVED** and this action is **DISMISSED WITH PREJUDICE**. The Court reserves jurisdiction for ninety days from the date of this Order

to enforce the terms of the parties' settlement. The Clerk is directed to **CLOSE THIS CASE** and deny all pending motions as moot.

**DONE AND ORDERED** in Chambers at Miami, Florida, September 18, 2014.

_____
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All counsel of record